UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YOHALBERT ABRAHAM CASTILLO CABRERA,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,

Respondent.

No.  1:26-cv-01114-DJC-EFB

FINDINGS AND RECOMMENDATIONS

Petitioner is a person detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241.  This matter was referred to the undersigned pursuant to Local Rule 302(c)(17).  ECF No. 5.  For the reasons set forth below, the undersigned recommends the petition be granted.

**BACKGROUND**

**A.  Factual Background**

Petitioner initiated this action on February 9, 2026, seeking a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  In his petition,[1] he alleges that he is a citizen of Venezuela, is currently detained pending immigration removal proceedings, and has been detained since December 31, 2025.  *Id*. at 3, 5, 10; ECF No. 8 at 1-2.  He alleges that he has a petition for

---

[1] Portions of the petition are in Spanish, including the allegations comprising the factual and legal grounds for relief.  *See* ECF No. 1.  On March 2, 2026, petitioner's counsel filed an English translation of the Spanish-language allegations contained in the petition, as translated by a court-certified interpreter.  ECF No. 8.

1

asylum pending and, prior to his detention, had been under supervision by Immigration and Customs Enforcement (ICE), which had set terms of his supervision. ECF No. 1 at 8, 10; ECF No. 8 at 1-2. He alleges that he complied with all of the terms of his supervision, including committing no crimes, but was nevertheless arrested by ICE when he arrived at a field office for an appointment. *Id.* He alleges that, since his arrest on December 31, 2025, he has not had a hearing before a judge to determine whether his ongoing detention is warranted. ECF No. 1 at 3, 10; ECF No. 8 at 1-2. Liberally construed, petitioner asserts two claims for relief, that his due process rights are violated by his ongoing detention without a hearing before a neutral decision-maker, and that his due process rights are violated by his placement in punitive detention. ECF No. 1 at 7-8; ECF No. 8 at 1. As relief, he requests his immediate release. ECF No. 1 at 8; ECF No. 8 at 1.

In his opposition to the petition for writ of habeas corpus, respondent does not dispute petitioner's factual allegations. ECF No. 10. Respondent additionally contends that petitioner is a noncitizen who entered the United States at some point, then was "placed in removal proceedings" in February 2024. ECF No. 10 at 1. Respondent further represents that, prior to his current detention, petitioner had previously been released from detention at the discretion of the Department of Homeland Security. *Id.* at 2. Respondent contends that petitioner's current detention is authorized under 8 U.S.C. § 1225(b)(1)(A)(iii)(II). *Id.* at 1.

**B. Procedural Background**

Petitioner initiated this action in propria persona on February 9, 2026. ECF No. 1. The following day, the matter was referred to the undersigned, ECF No. 5, and, on February 17, 2026, the undersigned appointed counsel for petitioner; set a schedule for the filing of an answer to the petition and reply thereto; and ordered respondent not to transport petitioner outside the judicial district pending further order of the court. ECF No. 6. On March 3, 2026, respondent filed and answer, ECF No. 10, and, on March 4, 2026, petitioner filed a reply brief. ECF No. 12.

////

////

////

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**DISCUSSION**

The court construes liberally the allegations of petitioner's pro se complaint. *See Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Zichko v. Idaho,* 247 F.3d 1015, 1020 (9th Cir. 2001); *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987). Petitioner's allegations implicate two distinct claims under the due process clause of the Fifth Amendment. First, petitioner alleges that he had been detained without a bond hearing since December 31, 2025, implicating his rights to procedural due process as set forth in *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976). Second, petitioner alleges that the nature of his detention resembles imprisonment, suggesting that his detention constitutes punishment thereby violating his substantive due process rights. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The undersigned recommends relief be granted on the former ground.

**A. Request for Abeyance**

As a preliminary matter, respondent requests that the court hold the matter in abeyance pending the Court of Appeals' resolution of *Rodriguez Vazquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025). ECF No. 10 at 2 & n.1. The court denies the request. In *Bostock*, 779 F. Supp. 3d 1239, the district court granted class certification to "All noncitizens detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing" and to "All detained noncitizens who have a pending appeal, or will file an appeal, of an immigration judge's bond hearing ruling to the Board of Immigration Appeals." *Rodriguez v. Bostock*, 349 F.R.D. 333, 348 (W.D. Wash. 2025). Here, nothing in the record

before the court establishes that petitioner is a member of the certified class in *Bostock*, as the undisputed record before the court is that petitioner had been previously apprehended and previously released at the discretion of Department of Homeland Security, *see* ECF No. 10 at 2; *see also* ECF No. 1 at 8, 10; ECF No. 8 at 1-2, and there are no allegations indicating he has a pending appeal, or will file an appeal, from an Immigration Judge's adverse bond determination. *See generally* ECF Nos. 1, 8, 10. In light of this, respondent has not shown there is any judicial economy to be served by holding the proceeding in abeyance, and, for the reasons described *post*, to do so would compound the length of petitioner's detention so as to retrench the violation of his due process rights. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see generally* C*linton v. Jones*, 520 U.S. 681, 706 (1997). Accordingly, the court denies the request to hold the proceedings in abeyance pending the resolution of the appeal in *Rodriguez v. Bostock*, 349 F.R.D. 333 (W.D. Wash. 2025).

### B. Request for Temporary Restraining Order or Preliminary Injunction

In his reply to respondent's opposition to his petition for writ of habeas corpus, petitioner, through counsel, requests the court issue a temporary restraining order or preliminary injunction, ordering his immediate release from custody. ECF No. 12 at 2, 12-14. This request, however, was not included in the petition or in a noticed motion, even liberally construing petitioner's pro se pleadings. *See* ECF Nos. 1, 8. The court typically will not consider arguments raised for the first time in a reply brief, as it deprives the opposing party the opportunity to respond, *see, e.g., Mort v. DeJoy*, No. 119CV00652JLTSKO, 2023 WL 168834, at *2 (E.D. Cal. Jan. 12, 2023), and the Local Rules require the non-movant be given notice and opportunity to be heard when a temporary restraining order or preliminary injunction is requested. *See* Local Rule 231(a). Further, the court herein reaches the merits of the petition rendering moot any request for interim relief under Fed. R. Civ. P 65. Accordingly, the court should deny petitioner's request.

////

////

////

////

4

**C. Merits of the Petition**

**1. Punitive Detention in Violation of Petitioner's Substantive Due Process Rights**

As a matter of substantive due process, a person detained under civil process cannot be subjected to conditions that "amount to punishment." *Bell v. Wolfish,* 441 U.S. 520, 536 (1979); *see also Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004). This standard is met where the petitioner shows that the "challenged restrictions are expressly intended to punish," or that the restrictions are "excessive in relation to" a non-punitive purpose. *Jones*, 393 F.3d at 932 (quoting *Bell,* 441 U.S. at 538-39).

Here, petitioner's allegations fail to demonstrate that he is subject to conditions amounting to punishment depriving him of his substantive due process rights. He fails to allege, for example, what specific conditions he is subject to and how those are different from or the same as those experienced by persons in prison. *See* ECF Nos. 1, 8; *see also* ECF No. 12; *see, e.g.*, *Youngberg v. Romeo*, 457 U.S. 307, 311 (1982); *Jones*, 393 F.3d at 931. He fails to make any allegations as to respondent's purposes in electing the restrictions to which he is subject. *See* ECF Nos. 1, 8; *see also* ECF No. 12. He fails to make any showing that the conditions are intended to punish or, if not, that they are excessive relative to their purpose. *See* ECF Nos. 1, 8; *see also* ECF No. 12. In sum, to the extent petitioner's allegations are intended to encompass this legal claim, petitioner fails to show his entitlement to relief.

**2. Prolonged Detention in Violation of Petitioner's Procedural Due Process Rights**

Petitioner also alleges that he has not received a bond hearing since his detention, which implicates his procedural due process rights under the Fifth Amendment. ECF No. 1 at 7, 10; ECF No. 8; *see* ECF No. 12 at 4-11. In response, respondent argues that petitioner's detention is authorized by statute, viz., 8 U.S.C. § 1225(b)(1)(A)(iii)(II), so as to reduce petitioner's liberty interest for due process purposes. Respondent fails to show that this statutory section authorizes petitioner's detention so as to foreclose his claim that his due process rights have been violated, and the undersigned finds petitioner has shown his entitlement to relief on this claim.

////

////

5

To determine whether civil detention violates a detainee's Fifth Amendment procedural due process rights, courts apply the three-part test articulated in *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976).  Under *Mathews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.; see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  The Supreme Court has long held that noncitizen aliens present in the United States possess cognizable due process interests under the Fifth Amendment, relative to removal proceedings. *See Demore*, 538 U.S. at 523; *Zadvydas*, 533 U.S. at 693-94; *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).

Here, petitioner has shown that, under the first *Mathews* factor, he possesses a significant liberty interest to which his due process rights attach.  *See* ECF Nos. 1, 8, 12 at 7-9.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint— lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Since petitioner's entry to the United States in 2024 or prior, he has developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee, including familial connections and employment.  *See* ECF No. 1 at 7-8, 10; ECF No. 8 at 1-2; *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025); *Labrador-Prato v. Noem, et al.,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025); *but see Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (observing that, "[g]iven the civil context [of the immigration proceeding], [the noncitizen detainee's] liberty interest is arguably greater than the interest of parolees in *Morrissey*").

Respondent argues that, notwithstanding this, petitioner's lawful detention under 8 U.S.C. § 1225(b)(1)(A)(iii)(II), abrogates his liberty interest.  The Supreme Court has recognized that specific provisions of federal immigration statutes may reduce a noncitizen's liberty interest,

6

thereby circumscribing the process he or she is due under the Fifth Amendment relative to his or her removal from the United States. *See Demore v. Kim*, 538 U.S. 510, 527 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see also Jennings v. Rodriguez*, 583 U.S. 281, 308 (2018). Here, however, respondent fails to demonstrate that petitioner's current detention is authorized under 8 U.S.C. § 1225(b)(1)(A)(iii)(II). Respondent argues that petitioner is an "applicant for admission" per § 1225(a)(1), thus subjecting him to the mandatory detention provisions in § 1225(b). ECF No. 10 at 1-2 (arguing that both 8 U.S.C. § 1225(b)(2) and § 1225(b)(1)(A)(iii)(II) should be interpreted the same way). As this court has repeatedly held, however, 8 U.S.C. § 1225(b)(1)(A)(iii)(II), by its plain language and per its legislative history and implementing regulations, cannot be properly read to provide for detention and removal of aliens who had been previously admitted then paroled in the United States. *See Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185, at *5 (E.D. Cal. Sept. 5, 2025); *see also Marcos B.D.S. v. Warden of Mesa Verde Det. Facility*, No. 1:25-CV-02032-TLN-CSK, 2026 WL 82344, at *3 (E.D. Cal. Jan. 12, 2026); *Duong v. Charles*, No. 1:25-CV-01375-SKO, 2025 WL 3187313, at *4 (E.D. Cal. Nov. 14, 2025). That limitation squarely applies here; by respondent's own representation, petitioner was previously admitted to the United States, then paroled under an under of supervision. ECF No. 10 at 1-2. As such, respondent fails to show that petitioner is subject to the expedited removal proceedings codified at 8 U.S.C. § 1225(b)(1)(A)(iii)(II), such that he has a lesser liberty interest implicated by his ongoing detention.

Petitioner has demonstrated that the second *Mathews* factor militates in his favor. *See* ECF No. 12 at 9. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's detention is only justified if he poses a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690. Without a bond hearing in which a neutral decisionmaker makes an individualized determination of whether petitioner is a danger to the community or flight risk based on the particular facts of his case, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-

SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high.  *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner has also shown that the third *Mathews* factor militates in his favor.  *See* ECF No. 12 at 9-10.  Respondent's interest in petitioner's detention is low.  *See Ortega*, 415 F. Supp. 3d at 970.  "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.  Here, petitioner alleges that he has not acquired any criminal infractions in the United States and is not otherwise a danger to the community, which respondent does not dispute.  ECF No. 1 at 7-8; ECF No. 8 at 1; ECF No. 10.  The effort and cost required to provide petitioner with procedural safeguards are minimal.  *See Lopez*, 2025 WL 3124116, at *4; *Khan v. Noem, et al.*, No. 1:25-CV-01411-EPG-HC, 2025 WL 3089352, at *7 (E.D. Cal. Nov. 5, 2025) ("In immigration court, custody hearings are routine and impose a 'minimal' cost." (citations omitted)).

For these reasons, the undersigned finds respondent's interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same.  Petitioner has thereby shown by a preponderance of evidence that his current detention violates his rights under the due process clause of the Fifth Amendment.  Accordingly, the undersigned recommends the petition for writ of habeas corpus be granted.

////

////

////

////

8

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that respondent's request to hold the proceeding in abeyance is DENIED.

IT IS HEREBY RECOMMENDED that:

1)    Petitioner's request for a temporary restraining order or preliminary injunction be DENIED, and

2)    Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 13, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE